**SO ORDERED.**

**SIGNED this 21 day of February, 2024.**

_____
**Joseph N. Callaway
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:
COVENANT ROOFING AND                           CASE NO:  23-00999-5-JNC
CONSTRUCTION, INC.
      Debtor                                                          Chapter 7

### ORDER NOTICING AND REQUIRING ATTENDANCE AT
### SHOW CAUSE HEARING ON CONTEMPT

The matter before the court is the Order (Dkt. 301) and Amended Order (Dkt. 313) to Show Cause, both dated January 29, 2024 (together, the "Orders"), directed against CENTERCARD of Bellevue, Washington, and noticed for hearing on February 20, 2024 at 2:30 p.m. before this court sitting in Raleigh, North Carolina. From the record, it appears and the court finds as follows:

1. This matter is a core proceeding pursuant to 28 U.S.C. §157, and the court has the full jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The court has the authority to hear this matter pursuant to the General Order of Reference entered August 3, 1984, by the United States District Court for the Eastern District of North Carolina.

2. The debtor herein filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code on April 11, 2023. The case was converted to one under chapter 7 on June 29, 2023.  Mr. James B. Angell of Raleigh, North Carolina, was duly appointed and qualified to hold the office of and act as the Chapter 7 Trustee in it.

3.  On August 7, 2023, at the request of Trustee Angell, the Court entered an Order Directing a Rule 2004 Examination (Dkt. 170; the "Rule 2004 Order"), which compelled and directed CENTERCARD to produce to the Trustee described documents and records pertaining to the debtor and this case. The Rule 2004 Order was served by the Trustee on CENTERCARD by first-class United States mail on August 8, 2023. (Dkt. 193).

5. CENTERCARD failed to respond to the Order Directing a Rule 2004 Examination by producing documents and records, or otherwise communicating with the Trustee. In fact, the Trustee reports that he has had no communications or acknowledgement back from CENTERCARD regarding this matter.

6. Consequently, the Trustee sought and obtained the Orders, which specified that a hearing on noncompliance was set before the court for:

**DATE: Tuesday, February 20, 2024**
**TIME:  02:30 PM**
**PLACE: 300 Fayetteville Street, 3rd Floor Courtroom, Raleigh, NC 27601**

6. CENTERCARD was duly sent notice of the February 20 hearing, again by first class United States mail, in advance of the hearing. The Trustee heard nothing back from CENTERCARD in response to the Orders. When the matter was called for hearing in open court at the noted date and time, Trustee Angell appeared and was prepared to proceed, but neither CENTERCARD nor an attorney on its behalf appeared at the February 20 hearing.

7. CENTERCARD is and remains in active and continuing default, disobedience, and defiance of the Rule 2004 Order. In addition, CENTERCARD in active and continuing default and defiance of the Orders.  CENTERCARD must therefore appear before the court to explain its failure to obey orders directed to it and show why it should not be held in civil contempt.

**THEREFORE, IT IS HEREBY ORDERED AND DECREED:**

1. CENTERCARD be sanctioned for its failure to appear at the February 20 hearing, and consequently assessed attorney fees of **$500.00** incurred by the Trustee in connection therewith. CENTERCARD is **DIRECTED** to pay the stated amount to Trustee Angell without delay.

2. CENTERCARD is **FURTHER DIRECTED, under pain of contempt**, to submit the documents requested in the Rule 2004 Order (Dkt. 170) forthwith and otherwise comply with the discovery requests contained therein. Such compliance must be completed and noted **by March 12, 2024**.

3. A further hearing on CENTERCARD's noncompliance with the Orders and the Rule 2004 Order is hereby set and noticed for:

   **DATE: Thursday, March 21, 2024**
   **TIME: 11:00 AM**
   **PLACE: 300 Fayetteville Street, 3rd Floor Courtroom, Raleigh, NC 27601**

4. CENTERCARD is **FURTHER** D**IRECTED** to appear at that hearing in person through a designated officer, representative, or attorney, to **SHOW CAUSE** as to why: (a) it should not be held in **CIVIL CONTEMPT** for its continuing violations of the Rule 2004 Order and failure to appear per the Orders; (b) the Trustee is not entitled to

further relief including assessment of attorney fees; (c) monetary sanctions in the form of a daily fine should not be imposed; and (d) detention of its representative(s) by United States Marshals should not be compelled in the event of further failure to appear.

5. Within three business days of its entry, the Trustee is directed to serve copies of this order on CENTERCARD by (a) express delivery; (b) additionally, by United States Post Office certified mail, return receipt requested; and (c) electronic means if that information is ascertainable. He is further directed to file proof of such service when made and the results when known prior to the next hearing.

**END OF DOCUMENT**