**SO ORDERED.**

**SIGNED this 21 day of March, 2024.**

_____
**Joseph N. Callaway**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# RALEIGH DIVISION

IN RE:
**COVENANT ROOFING AND**                           CASE NO:  23-00999-5-JNC
**CONSTRUCTION, INC.**
       Debtor                                              Chapter 7

## ORDER DISMISSING SHOW CAUSE ORDERS
## AND VACATING CONTEMPT ORDER

      The matter before the court is the Order Noticing and Requiring Attendance at Show Cause Hearing on Contempt entered February 21, 2024 (Dkt. 370, the "Contempt Order") directing CENTERCARD to appear and show cause as to why it should not be held in civil contempt for failure to comply with the Order (Dkt. 301) and Amended Order (Dkt. 313) to Show Cause, both dated January 29, 2024 (together, the "Orders to Show Cause"), directed against CENTERCARD of Bellevue, Washington. CENTERCARD responded in opposition to the Contempt Order and the Show Cause Orders by filing on March 20, 2024 (Dkt. 381, the "Response").  A hearing was noticed for and held on March 21, 2024, in Raleigh, North Carolina.  James Angell appeared on behalf of the Trustee ("Trustee"), and A. Lee Hogewood appeared for CENTERCARD.  From the record, the court finds as follows:

      1.  This matter is a core proceeding pursuant to 28 U.S.C. §157, and the court has the full jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The court has the authority to hear this matter pursuant to the General Order of Reference entered August 3, 1984, by the United States District Court for the Eastern District of North Carolina.

      2.  The debtor herein filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code on April 11, 2023. The case was converted to one under chapter 7 on June 29, 2023.  Mr. James B. Angell of Raleigh, North Carolina, was duly appointed and qualified to hold the office of and act as the Chapter 7 Trustee in it.

      3.  On August 7, 2023, at the request of the Trustee, the court entered an Order Directing a Rule 2004 Examination (Dkt. 170; the "Rule 2004 Order"), which compelled and directed CENTERCARD to produce to the Trustee described documents and records pertaining to the

debtor and this case. The Rule 2004 Order was served by the Trustee on CENTERCARD by first-class United States mail on August 8, 2023, at the address provided by the debtor. (Dkt. 193).

5. CENTERCARD failed to respond to the Order Directing a Rule 2004 Examination by producing documents and records, or otherwise communicating with the Trustee.

6. Consequently, the Trustee sought and obtained the Show Cause Orders, which specified that a hearing on noncompliance was set before the court for February 20, 2024 in Raleigh, North Carolina. When the matter was called for hearing in open court at the noted date and time, Trustee Angell appeared and was prepared to proceed, but neither CENTERCARD nor an attorney on its behalf appeared at the February 20 hearing.

7. The court found CENTERCARD to be in default and defiance of the Rule 2004 Order and the Show Cause Orders. It entered the Contempt Order directing CENTERCARD come before the court to explain its failure to obey orders directed to it and show why it should not be held in civil contempt. Further, the Contempt Order sanctioned CENTERCARD for failure to appear at the February 20 hearing, and consequently assessed attorney fees of $500.00 incurred by the Trustee in connection therewith. Further, the Contempt Order directed CENTERCARD to appear at a further hearing set for March 21, 2024.

8. According to the Response, and as detailed by the Trustee at the hearing, CENTERCARD was not properly served with the Show Cause Orders. Upon good service of the Contempt Order, counsel for CENTERCARD promptly contacted the Trustee and has provided documents which the Trustee contends satisfy the Rule 2004 Order. The Trustee therefore withdrew the show cause motion on the record and orally moved the court to VACATE the contempt order, specifically striking the $500 sanction in the Contempt Order.

Based upon the findings above and the further record in this case, for good cause shown and for compliance with the prior orders, it is ORDERED as follows:

1. The Show Cause Orders are DISMISSED.

2. The Contempt Order is VACATED.

3. The sanction assessing attorney fees at $500.00 is stricken and set aside.

**END OF DOCUMENT**