UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO: |
| | ) | |
| COVENANT ROOFING AND CONSTRUCTION, INC. | ) | 23-00999-5-DMW |
| | ) | |
| | ) | CHAPTER 7 |
| DEBTOR | ) | |

### **NOTICE OF MOTION**

NOTICE is hereby given of the Motion for Approval of Compromise to compromise issues in this case, filed simultaneously herewith by James B. Angell ("Trustee"), Chapter 7 Trustee in the above-captioned case: and

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, of you have on in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant the Motion for Approval of Compromise, or if you want the court to consider your views on the motion, then on or before **May 22, 2025** unless otherwise ordered, you or your attorney must file with the court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and a request for hearing.

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also mail a copy to:

| | |
|---|---|
| Brian C. Behr, Esquire<br>Bankruptcy Administrator<br>434 Fayetteville Street, Suite 640<br>Raleigh, NC 27601 | James B. Angell<br>Chapter 7 Trustee<br>Post Office Box 12347<br>Raleigh, NC 27605 |
| Covenant Roofing and Construction, Inc.<br>1023 S. Miami Boulevard<br>Durham NC 27703 | Justin M. Mertz<br>Laura K. Greene<br>Michael Best and Friedrich LLP<br>790 N. Water Street, Suite 2500<br>Milwaukee WI 53202 |

If a response and a request for hearing is filed in writing on or before the date set above, a hearing will be conducted on the motion at a date, time and place to be later set and all parties will be notified accordingly.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

DATED: April 28, 2025

                                                   _s/James B. Angell
James B. Angell
NC State Bar No. 12844
Howard Stallings Law Firm
P.O. Box 12347
Raleigh, NC 27605
Telephone: (919) 821-7707
Email: jangell@howardstallings.com
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO: |
| | ) | |
| COVENANT ROOFING AND CONSTRUCTION, INC. | ) ) | 23-00999-5-DMW |
| | ) | CHAPTER 7 |
| DEBTOR | ) | |

**MOTION FOR APPROVAL OF COMPROMISE**

NOW COMES James B. Angell ("Trustee"), Chapter 7 Trustee in the above-captioned case, by and through counsel, and pursuant to Bankruptcy Rule 9019, and moves this Court for entry of an Order granting him authority to compromise and settle issues with Kevin L. Sink, Chapter 7 Trustee for Julian Corbet Hall, II ("Sink") on the terms and conditions set forth on Exhibit A, attached hereto and incorporated herein by reference (the "Settlement Agreement"). In support of this Motion, the Trustee shows the Court the following:

1. This matter is a core proceeding pursuant to 28 U.S.C. §157, and the Court has jurisdiction pursuant to 28 U.S.C. §§151, 157 and 1334. The Court has the authority to hear this matter pursuant to the General Order of Reference entered August 3, 1984, by the United States District Court for the Eastern District of North Carolina.

2. On April 11, 2023, Covenant Roofing and Construction, Inc. filed a petition for relief under Chapter 11 of the Bankruptcy Code. The case was converted to a case under Chapter 7 on June 29, 2023. James B. Angell was appointed as and serves as Chapter 7 Trustee for Covenant Roofing and Construction, Inc.

3. On August 2, 2023, Julian Corbet Hall, II filed a petition for relief under Chapter 7 of the Bankruptcy Code (Case No. 23-02173-5-JNC). Sink was appointed as and serves as Chapter 7 Trustee for Julian Corbet Hall, II.

4. The controversy or dispute sought to be compromised is:

    Julian Corbet Hall, II, was the sole owner and president of Covenant Roofing and Construction, Inc. prior to its bankruptcy filing.

    On December 22, 2023, the Trustee filed Claim No. 39 as an unsecured claim in an undetermined amount in the Julian Corbet Hall, II, bankruptcy case, which was a timely-filed claim. The basis asserted in Claim No. 39 was:

Julian Corbet Hall, II was the 100% owner of Covenant Roofing & Construction, Inc., and served as its director, president and sole shareholder.

The books and records of Covenant Roofing & Construction, Inc. misstated the accounts receivable and income. The funds of Covenant Roofing & Construction, Inc., were commingled with funds of Covenant Solar Tech, LLC. Bills owed by other entities in which Julian C. Hall, II had an interest were paid by Covenant Roofing & Construction, Inc. Julian C. Hall, II caused Covenant Roofing & Construction, Inc. to pay personal obligations, including payments for excessive insurance on his life that was owned by him and other personal expenses. Julian C. Hall received funds and/or payments were made for his benefit. The amount of the claim is presently undetermined and is awaiting information from the claimant's forensic accountant.

The legal basis of the claims includes but is not limited to negligence, breach of fiduciary duty, N.C. Gen. Stat. §55-6-409(a) and (C), N.C. Gen. Stat. §39.23.1 et seq, and 11 U.S.C. §§ 544, 547, 548 and 549.

The Trustee reserves the right to amend Claim No. 39.

5. The Trustee has reviewed the books and records of Covenant Roofing and Construction, Inc. and has asserted, informally, to Sink that Claim No. 39 will be amended to state a claim of $2,324,163.27, determined as follows:

| | |
|---|---|
| Payments for premiums on Life Insurance Policy owned by Julian Hall: | $1,003,525.81 |
| Payments/charges on American Express Card 571004 | $1,185,937.08 |
| Payments on American Express Card 21001 | $ 134,700.38 |
| Total: | $2,324,163.27 |

6. Sink does not dispute the portion of the asserted Claim based on payments for premiums on a life insurance policy owned by Julian Corbet Hall, II in the amount of $1,003,525.81. Sink disputes the portion of the asserted claim based on payments on the American Express cards, totaling $1,320,637.46.

7. The terms of the proposed compromise are as set forth on the Settlement Agreement attached hereto as Exhibit A, summarized as follows. To the extent there is any inconsistency between the summary and Exhibit A, the terms of Exhibit A will be controlling.

a) Claim No. 39 in the Julian Corbet Hall, II bankruptcy shall be allowed as a timely filed unsecured non-priority claim entitled to distribution pursuant to 11 U.S.C.§726(a)(2) in the amount of $1,500,000.00, comprised of the undisputed amount of $1,003,525.81 based on premiums paid on a life insurance policy owned by Julian Corbet Hall, II, and $496,474.19 in compromise of the amount asserted by the Trustee for payments made by Covenant Roofing and Construction, Inc. to American Express. The allowed amount shall be net of any claims or set-offs that might be asserted by Sink against Covenant Roofing and Construction, Inc. or its estate.

      b)    Within ten days after the entry of an order authorizing the Trustee to enter into this Compromise, the Trustee will amend Claim No. 39 to restate the amount of Claim No. 39 as an unsecured non-priority claim in the amount of $1,500,000.00.

      c)    Effective upon an order approving this Agreement becoming a Final Order, the Trustee, for himself and for Covenant Roofing and Construction, Inc. releases Sink and the bankruptcy estate of Julian Corbet Hall, II, of and from all claims, demands, accounts, duties, damages, losses, expenses, costs, debts, obligations, causes of action and remedies therefor, choses in action, rights of indemnity and liability of any kind or nature whatsoever, whether known or unknown, suspected or unsuspected, which the Trustee or Covenant Roofing and Construction, Inc. to which the Trustee succeeded, may have, may have had, or might have had through the date of this Agreement, except as set out in this Agreement.

      d)    This Agreement is subject to approval by the Bankruptcy Court in the Covenant Roofing and Construction, Inc. bankruptcy case.

8. The Trustee has analyzed the proposed compromise, taking into consideration the facts, the strengths and weaknesses of the parties' positions, the equities involved, the information and evidence available to the Trustee to pursue the claims through trial and the costs of negotiation and litigation.

9. The Trustee believes the proposed settlement is in the best interest of the estate and its creditors and requests that the Court approve this Motion.

    WHEREFORE, the Trustee prays for an Order approving and authorizing the settlement on the terms described in Exhibit A attached.

DATED: April 28, 2025

        _s/James B. Angell  
        James B. Angell  
        NC State Bar No. 12844  
        Howard Stallings Law Firm  
        P.O. Box 12347  
        Raleigh, NC 27605  
        Telephone: (919) 821-7707  
        Email: jangell@howardstallings.com  
        Chapter 7 Trustee

**EXHIBIT A**

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made by and between James B. Angell, Chapter 7 Trustee for Covenant Roofing and Construction, Inc., Case No. 23-00999-5-JNC, E.D.N.C. (the "Trustee") and Kevin L. Sink, Chapter 7 Trustee for Julian Corbet Hall, II, Case No. 23-02173-5-JNC, E.D.N.C. ("Sink").

WHEREAS, on April 11, 2023, Covenant Roofing and Construction, Inc. filed a petition for relief under Chapter 11 of the Bankruptcy Code (Case No. 23-00999-5-JNC). The case was converted to a case under Chapter 7 on June 29, 2023; and

WHEREAS, the Trustee was appointed as and serves as Chapter 7 Trustee for Covenant Roofing and Construction, Inc.; and

WHEREAS, on August 2, 2023, Julian Corbet Hall, II filed a petition for relief under Chapter 7 of the Bankruptcy Code (Case No. 23-02173-5-JNC); and

WHEREAS, Sink was appointed as and serves as Chapter 7 Trustee for Julian Corbet Hall, II; and

WHEREAS, Julian Corbet Hall, II, was the sole owner and president of Covenant Roofing and Construction, Inc. prior to its bankruptcy filing; and

WHEREAS, on December 22, 2023, the Trustee filed Claim No. 39 as an unsecured claim in an undetermined amount in the Julian Corbet Hall, II, bankruptcy case, which was a timely-filed claim. The basis asserted in Claim No. 39 was:

Julian Corbet Hall, II was the 100% owner of Covenant Roofing & Construction, Inc., and served as its director, president and sole shareholder.

The books and records of Covenant Roofing & Construction, Inc. misstated the accounts receivable and income. The funds of Covenant Roofing & Construction, Inc., were commingled with funds of Covenant Solar Tech, LLC. Bills owed by other entities in which Julian C. Hall, II had an interest were paid by Covenant Roofing & Construction, Inc. Julian C. Hall, II caused Covenant Roofing & Construction, Inc. to pay personal obligations, including payments for excessive insurance on his life that was owned by him and other personal expenses. Julian C. Hall received funds and/or payments were made for his benefit. The amount of the claim is presently undetermined and is awaiting information from the claimant's forensic accountant.

The legal basis of the claims includes but is not limited to negligence, breach of fiduciary duty, N.C. Gen. Stat. §55-6-409(a) and (C), N.C. Gen. Stat. §39.23.1 et seq, and 11 U.S.C. §§ 544, 547, 548 and 549.

On information and belief, the claim is in excess of Twenty-Five Thousand Dollars.

Claimant reserves the right to amend this claim; and

WHEREAS, the Trustee has reviewed the books and records of Covenant Roofing and Construction, Inc. and has asserted, informally, to Sink that Claim No. 39 will be amended to state a claim of $2,324,163.27, determined as follows:

| | |
|---|---|
| Payments for premiums on Life Insurance Policy owned by Julian Hall: | $1,003,525.81 |
| Payments/charges on American Express Card 571004 | $1,185,937.08 |
| Payments on American Express Card 21001 | $  134,700.38 |
| Total: | $2,324,163.27; and |

WHEREAS, Sink does not dispute the portion of the asserted Claim based on payments for premiums on a life insurance policy owned by Julian Corbet Hall, II in the amount of $1,003,525.81; and

WHEREAS, Sink disputes the portion of the asserted claim based on payments on the American Express cards, totaling $1,320,637.46; and

WHEREAS, the parties have agreed to settle their dispute, as set out in this Agreement.

THEREFORE, IT IS AGREED:

1. Claim No. 39 in the Julian Corbet Hall, II bankruptcy shall be allowed as a timely filed unsecured non-priority claim entitled to distribution pursuant to 11 U.S.C.§726(a)(2) in the amount of $1,500,000.00, comprised of the undisputed amount of $1,003,525.81 based on premiums paid on a life insurance policy owned by Julian Corbet Hall, II, and $496,474.19 in compromise of the amount asserted by the Trustee for payments made by Covenant Roofing and Construction, Inc. to American Express. The allowed amount shall be net of any claims or set-offs that might be asserted by Sink against Covenant Roofing and Construction, Inc. or its estate.

2. Within ten days after the entry of an order authorizing the Trustee to enter into this Compromise, the Trustee will amend Claim No. 39 to restate the amount of Claim No. 39 as an unsecured non-priority claim in the amount of $1,500,000.00.

3. Effective upon an order approving this Agreement becoming a Final Order, the Trustee, for himself and for Covenant Roofing and Construction, Inc. releases Sink and the bankruptcy estate of Julian Corbet Hall, II, of and from all claims, demands, accounts, duties, damages, losses, expenses, costs, debts, obligations, causes of action and remedies therefor, choses in action, rights of indemnity and liability of any kind or nature whatsoever, whether known or unknown, suspected or unsuspected, which the Trustee or Covenant Roofing and Construction, Inc. to which the Trustee succeeded, may have, may have had, or might have had through the date of this Agreement, except as set out in this Agreement.

4. This Agreement is subject to approval by the Bankruptcy Court in the Covenant Roofing and Construction, Inc. bankruptcy case.

5. This Agreement shall be governed by and construed in accordance with the laws of the State of North Carolina, except as governed by the Bankruptcy Code.

6.	This Agreement may be executed in one or more counterparts (whether manually signed or by electronic means), and each such counterpart shall be deemed an original, and all such counterparts shall constitute one and the same agreement.

7.	This Agreement constitutes the entire understanding between the parties, superseding all prior agreements. No modification shall be effective unless agreed to in writing by all parties. The parties hereto agree to be bound by the terms of this Agreement, pending Bankruptcy Court approval.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed as of the day and year first above written.

_____
James B. Angell
Chapter 7 Trustee for
Covenant Roofing and Construction, Inc.

_____, Chpt. 7 Trustee
Kevin Sink
Chapter 7 Trustee for
Julian Corbet Hall, II

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO: |
| | ) | |
| COVENANT ROOFING AND CONSTRUCTION, INC. | ) | 23-00999-5-DMW |
| | ) | |
| | ) | CHAPTER 7 |
| DEBTOR | ) | |

CERTIFICATE OF SERVICE

The undersigned, of the Howard Stallings Law Firm, certifies:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age:

That on this day, the foregoing <u>MOTION TO APPROVE COMPROMISE AND NOTICE OF MOTION</u> was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the parties listed below. I further certify that I have mailed the document to the non CM/ECF participants as set out below by first class mail.

I certify under penalty of perjury that the foregoing is true and correct.

DATE: April 28, 2025

          s/James B. Angell
James B. Angell
P.O. Box 12347
Raleigh, NC 27605

| | |
|---|---|
| Brian C. Behr, Esquire<br>Bankruptcy Administrator<br>*Served via cm/ecf and by email to*<br>*Lesley_Dean@nceba.uscourts.gov* | Justin M. Mertz<br>Laura K. Greeene<br>Michael Best and Friedrich LLP<br>Attorney for Debtor<br>*Served via cm/ecf* |
| Covenant Roofing and Construction, Inc.<br>1023 S. Miami Boulevard<br>Durham NC 27703 | Kevin L. Sink<br>Chapter 7 Trustee for Julian Corbet Hall, II<br>Waldrep Wall Babcock & Bailey LLC<br>3600 Glenwood Avenue, Suite 210<br>Raleigh NC 27612 |